# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK HAIRSTON, | CIVIL ACTION NO: |
| PLAINTIFF, | |
| v. | SECTION: |
| SUN BELT CONFERENCE INC., | JUDGE: |
| DEFENDANT. | MAGISTRATE JUDGE: |

## NOTICE OF REMOVAL

Defendant Sun Belt Conference Inc. ("Defendant"), without waiving and specifically reserving all rights, defenses, objections, and exceptions, hereby removes this action pursuant to 28 U.S.C. §§ 1441 and 1446 from Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. This action may be removed because the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and there is complete diversity of the parties pursuant to 28 U.S.C. § 1332. In support of this Notice of Removal, Defendant represents the following:

## PROCEDURAL BACKGROUND

1. On October 11, 2018, Plaintiff Patrick Hairston ("Plaintiff") filed a civil "Complaint" entitled *Patrick Hairston v. Sun Belt Conference Inc.,* in the Civil District Court for the Parish of Orleans, State of Louisiana, Docket No. 2021-8141 (the "State Court Action"). True and correct copies of Plaintiff's Complaint and all other materials served at the time of service of the Complaint and filed in the State Court Action are attached hereto as **Exhibit 1.**

2. Defendant was served with a copy of the Complaint on October 14, 2021. Removal is timely because the Notice of Removal has been filed within thirty days of Defendant's having received the initial pleading. 28 U.S.C. § 1446(b)(1).

3. All defendants who have been properly joined and served have consented to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

4. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because it is the United States District Court embracing the Parish of Orleans, the parish in which the State Court Action was instituted.

5. Pursuant to 28 U.S.C. § 1446(d), a notice with a copy of this Notice of Removal is also being filed with the Clerk of Court for Orleans Parish Civil District Court, and served upon the Plaintiff on the same day this Notice of Removal is filed.

6. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached a copy of all process, pleadings, and orders served to date. *See* Ex. 1.

## BASIS FOR REMOVAL

7. Removal is proper because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

8. Plaintiff is a citizen of North Carolina. Plaintiff has alleged in the Complaint that he is a resident of Louisiana and a citizen of the United States. Complaint, ¶ 4. Plaintiff has not alleged that he is a citizen of Louisiana or that he is domiciled in Louisiana. *See Larkin v. Marriot Int'l, Inc.*, No. 20-493, 2020 U.S. Dist. LEXIS 167011, at *4 (M.D. La. Sep. 11, 2020) ("Allegations of residency are not sufficient to establish the citizenship of an individual…."). Instead, Plaintiff has alleged that his family lives in Charlotte, North Carolina and that he requested to "[go] home" to North Carolina "for an extended time" while employed by Defendant. Complaint, ¶ 17. Further, in his charge with the EEOC which was attached as Exhibit A to his Complaint, Plaintiff listed his home address in Belmont, North Carolina. *See* Complaint, Ex. A;

*see also Nalls v. Smith*, No. 13-539, 2013 U.S. Dist. LEXIS 175258, at *4-6 (M.D. La. Nov. 21, 2013) ("A United States citizen who is domiciled in a state is a citizen of that state. … The definition of domicile is more than a century old: 'residence at a particular place accompanied with positive or presumptive proof of an intention to remain there for an unlimited time.'") (quoting *Mitchell v. United States*, 88 U.S. 350, 352 (1874)). Upon information and belief, at the time of filing of the State Court Action and at present, the time of removal, Plaintiff resides in North Carolina with his family and intends to remain there. *See id.* ("In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.").

9. Defendant is a non-profit corporation organized and existing under the laws of the State of Louisiana, with its principal place of business in New Orleans, Louisiana. Defendant is therefore a citizen of Louisiana for the purposes of diversity jurisdiction.

10. Although Defendant denies any liability whatsoever to Plaintiff for the claims asserted in the Complaint, if proven at trial, the value of those claims would exceed $75,000. Just with respect to his race discrimination claim, Plaintiff has sought damages for "professional life and future career opportunities, past and future pecuniary losses, embarrassment, emotional pain and inconvenience, mental anguish, and non-pecuniary damages." Complaint, ¶ 24. Plaintiff has sought punitive damages and treble damages in his claims for race discrimination and for unfair trade practices. Plaintiff has further alleged that he has been left "with little to no other employment options" due to COVID-19. *Id.*, ¶ 20. Plaintiff was a highly compensated employee of Sun Belt, earning well over $75,000 annually. Plaintiff's claims for back pay and front pay, along with his claims for punitive damages, attorneys' fees, and damages three times the amount of his actual damages under the Unfair Trade Practices Act far exceed the required jurisdictional threshold.

11. Therefore, this Court has original jurisdiction over this matter due to the complete diversity of the Parties and the amount in controversy exceeding $75,000.

12. Removal is additionally proper because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the Constitution, laws, or treaties of the United States, although Defendant denies any liability under such laws.

13. Plaintiff alleges that he "filed a charge of … racial discrimination with the EEOC" on October 16, 2021. *See* Ex. 1, Complaint, ¶ 2. Plaintiff attached and incorporated his EEOC charge to his "Complaint" in which he stated that he believes he was "discriminated against and discharged because of [his] race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended." *See* Ex. A to Ex. 1, Charge of Discrimination. Finally, Plaintiff "received a dismissal and notice of right to sue on July 13, 2021." *See* Ex. 1, Complaint, ¶ 2. Plaintiff also attached his Notice of Right to Sue notice from the EEOC.

14. Additionally, Plaintiff demands "punitive damages" based on his claim for race discrimination. *See* Ex. 1, Complaint, ¶¶ 21-25. The Louisiana Employment Discrimination Law, La. R.S. § 23:303, et. seq., ("LEDL") does not allow punitive damages. Punitive damages are a remedy that is available only under Title VII, a federal law. Thus, this action is removable pursuant to 28 U.S.C. § 1331. *See, e.g., Caravanas v. Hall*, 1999 U.S. Dist. LEXIS 12741, at *6 (E.D. La. Aug. 10, 1999) (plaintiff's prayer for punitive damages, available under Title VII but not the LEDL, invoked federal question jurisdiction); *Perry v. Sasol (USA) Corp.*, 2018 U.S. Dist. LEXIS 88737, at *6–8 (W.D. La. May 10, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 88402 (W.D. La. May 25, 2018).

15. Additionally, pursuant to 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over any state law claims, that do not independently satisfy the requirements of 28 U.S.C. § 1331.

**WHEREFORE**, Defendant, prays that this Notice of Removal be deemed good and sufficient and that this matter bearing Docket No. 2021-8141 in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed from that court to the docket of this Honorable Court.

Respectfully submitted,

/s/ Jennifer F. Kogos
Jennifer F. Kogos (LA #25668)
Jason Culotta (LA #35731)
Jacob Pritt (LA #38872)
Jones Walker LLP
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Phone: (504) 582-8154
       (504) 582-8177
       (504) 582-8643
Fax:   (504) 589-8154
       (504) 589-8177
       (504) 589-8643
Email: jkogos@joneswalker.com
       jculotta@joneswalker.com
       jpritt@joneswalker.com

*Counsel for Defendant, Sun Belt Conference Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading was filed electronically with the Clerk of Court on this 11th day of November, 2021, to be served on all counsel of record by operation of the Court's electronic filing system and/or by email.

/s/ Jennifer F. Kogos
Jennifer F. Kogos