EXHIBIT
1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

DOCKET NO. 2021-8141                           DIVISION "  C-10

PATRICK HAIRSTON

VERSUS

SUN BELT CONFERENCE INC.

FILED: _____     _____
                                      DEPUTY CLERK

*********************************************************************************************

## COMPLAINT

**COMES NOW** the Plaintiff, Patrick Hairston (hereinafter "Plaintiff" or "Hairston"), by and through his undersigned counsel of record, and hereby doth complain and aver against the above-named Defendant, as set forth herein-below.

### JURISDICTION & VENUE

1.

Hairston files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of the applicable provisions in Louisiana Code of Civil Procedure Article 74 and 76.1.

2.

Hairston filed a charge of age and racial discrimination with the EEOC in New Orleans, Louisiana on October 16, 2020. (See Exhibit A). Hairston received a dismissal and notice of rights on July 13, 2021, giving him the right to pursue this claim in federal or state court for 90 days after said receipt. (Exhibit B).

3.

Venue is proper in the Civil District Court for the Parish of Orleans State of Louisiana, since the alleged discriminating action of Defendant occurred in New Orleans, Louisiana.

### PARTIES

4.

The named Plaintiff, Patrick Hairston (hereinafter "Plaintiff" or "Hairston"), is a citizen of the United States and a resident of New Orleans, Louisiana. Hairston is over the age of seventeen.

5.

The Defendant, Sun Belt Conference Inc. (hereinafter "Defendant" or "Sun Belt"), operates and does business in New Orleans, Louisiana. At all times relevant to this complaint, Hairston was employed by Defendant.

## STATEMENT OF FACTS

6.

Hairston is a fifty (50) year old African American, residing in Orleans Parish.

7.

When the Sun Belt fired Hairston on April 30, 2020, he was told his position was "shut down" due to Covid-19 budget cuts. Hairston had a sneaking suspicion he was not let go due to the global pandemic. Rather, he believed his termination was the culmination of a toxic workplace that discriminated against him because of his race. His feelings were justified when Hairston saw that his position was not shut down, but instead was filled by a non-minority candidate immediately after his departure. Then, he witnessed four of his former colleagues, all minorities like Hairston, released from their positions at the Sun Belt.

8.

Hairston was hired to serve the Sun Belt as an Associate Commissioner and Chief Compliance Officer. Hairston enjoyed working at the Sun Belt and received exemplary performance reviews from the former Commissioner Karl Benson. At the end the former Commissioner's tenure, Mr. Keith Gill became the Commissioner and Mrs. Kathy Keene stayed on as Deputy Commissioner.

9.

Keene did not support hiring Hairston by Commissioner Benson despite Benson's longstanding working relationship with Hairston from the Western Athletic Conference. Keene also opposed hiring other minority employees at the Sun Belt and recommended white employees instead. Upon Benson's retirement, Keene terminated minority employees hired by Benson, and favored white employees she had previously recommended for hire.

10.

When Mr. Gill and Mrs. Keene took over, Hairston noticed an immediate change in the office.  After a few weeks of Gill and Keene running the office, one minority employee voluntarily left because of the developing toxic work conditions. What started as a noticeable indifference

from Keene towards Hairston quickly snowballed into a hostile takeover of Hairston's responsibilities. Routinely, Keene would leave Hairston out of meetings that directly correlated with Hairston's main duty as a compliance officer. This perplexed Hairston as he received commendable remarks from Coaches and Administrators, commonly referred to as Members or the Membership, about his presentations and his work product. In fact, in the survey commissioned by Gill, the compliance department led by Hairston received the highest rating from the member institutions.

11.

Hairston noticed that pertinent information was being passed over him and provided to Keene that directly pertained to his department. Then, Keene began taking a leading role in compliance, which had not occurred previously. Keene began presenting compliance information During Zoom conferences with the Membership. Since presenting compliance was Hairston's realm of expertise, he inquired why she was doing his job. Keene informed Hairston that Gill was not pleased with his work. When prompted on how to fix the problem, Keene did not offer any direction or solutions.

12.

Hairston was retaliated against when he voiced his concerns or opinions. His work became increasingly scrutinized and micromanaged Keene. All the interference with his work offered no substantive advice or correction for Hairston to make as he continually received high remarks on his performance reviews. It seems as if the only people that had a problem with Hairston was Keene.

13.

The Sun Belt engaged in firing practices that targeted Hairston because he is a minority. Hairston witnessed three other minority employees terminated, whereas one minority employee left voluntarily due to a toxic work environment for minority employees.

14.

Hairston was terminated over the phone on April 30, 2020. Mr. Gill delivered the reason for the termination as budget cuts and work product. Gill would not call the termination a termination, he could not specify what work product was unsatisfactory, he would not say what the future of the position would look like, nor did he say he would put the reason for termination in writing.

15.

Hairston does not believe Gill had a significant say in his departure. However, because Gill is the lone remaining minority employee at the Sun Belt, it has attempted to use him as a shield, falsely believing that nothing he does could possibly be racially discriminatory.

16.

The Sun Belt did not follow its own procedures when they terminated Hairston. Additionally, the Sun Belt hired a replacement for Hairston's position soon after or perhaps before they terminated Hairston for the false reason of "budget cuts." The reasons provided by Gill for Hairston's termination were in fact false. The Sun Belt breached Hairston's employment contract because he was not allowed to finish his job under the terms of the contract.

17.

Hairston was replaced by Maura Smith. She is a white female. Smith has been allowed to work remotely since the beginning of her employment. Hairston asked for some flexibility to work remotely, as his family moved to Charlotte, North Carolina. Hairston's request was denied and Gill wanted Hairston to provide him with specific dates when he was going home for an extended time. Hairston informed Gill that he would utilize the earned time (vacation and sick leave) he had and would still work from home as he as always done to ensure the Sun Belt Membership is served.

18.

Despite amicable demand made on June 29, 2020, Hairston has not been paid all his accrued vacation time pursuant to La. R.S. 23:631.

**COUNT ONE**
**BREACH OF CONTRACT**

19.

The Sun Belt breached the employment contract with Hairston where they terminated him before the end of his yearlong contract. The Sun Belt terminated him on or about April 30, 2020.

20.

As a result of this breach of contract, Hairston was caused to be injured and damaged; to have to seek other employment; to have his career significantly and adversely impacted; to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, shame, and embarrassment. These effects were exacerbated by the Covid-19 Pandemic leaving Hairston with little to no other employment options.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Patrick Hairston demands the following relief:

    a.  Putative damages to deter future conduct;

    b.  Costs;

    c.  Compensatory damages for loss of wages, loss of benefits, mental anguish, emotional distress, embarrassment, loss of reputation; and

    d.  Such other legal or equitable relief as may be appropriate or to which he may be entitled.

**COUNT TWO**
**RACE DISCRIMINATION**

21.

Hairston adopts and re-alleges each allegation contained in this Complaint as if set out anew herein.

22.

In taking the above-described actions, the Sun Belt intentionally discriminated against Hairston on the basis of his race, black, in violation of La. R.S. § 23:332. Black employees and white employees were not treated similarly.

23.

The Sun Belt condones and allows race-based discrimination and termination. Said Defendant's actions were in violation of La. R.S. § 23:332, where they intentionally excluded Hairston from being able to do his job. They intentionally discriminated against Hairston because of his race and expelled him from its employment.

24.

As a proximate consequence of the violation of La. R.S. § 23:332 by Defendant the Sun Belt, Hairston has suffered and will continue to suffer damages to his professional life and future career opportunities, past and future pecuniary losses, embarrassment, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

25.

Hairston has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Patrick Hairston demands the following relief:

a. Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, embarrassment, emotional distress, both past and future;

b. Punitive damages to deter such conduct in the future; and

c. Such other legal or equitable relief to which Hairston may be entitled.

## COUNT THREE
## LOUISIANA UNFAIR TRADE PRACTICE

26.

Hairston adopts and re-alleges each allegation contained in this Complaint as if set out anew herein.

27.

During his employment with the Sun Belt, Hairston opposed unlawful trade practices under La. R.S. § 51:1401, et seq, specifically by targeting and terminating African American employees, misrepresenting why the termination occurred, deceptively ignoring employee handbook procedures for terminating an employee, misrepresenting to Hairston that the position was being closed for Covid-19 budget reasons when the position was filled by a non-minority shortly thereafter.

28.

In response to, and as a direct result of raising concerns about Hairston's performance and how he could do better, Hairston was retaliated against by the Sun Belt, which adversely affected the conditions of Hairston's employment.

29.

The Sun Belt's fraudulent, deceitful, and unethical actions are in violation of LUPTA.

30.

Hairston has satisfied all administrative prerequisites to bringing this claim and will alert the Attorney General's office of the LUPTA claim asserted herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Patrick Hairston demands the following relief:

a. Treble Damages;

b. Attorney's Fees;

c. Costs;

d. Punitive damages to deter similar future conduct, and

    e.  Such other legal or equitable relief to which Hairston may be entitled.

## COUNT FOUR
## FAILURE TO PAY VACATION TIME

31.

Hairston adopts and re-alleges each allegation contained in this Complaint as if set out anew herein.

32.

After his termination, Hairston was never paid his vacation benefits fully. Further, the Sun Belt waited to pay any of his vacation benefits until June 30, 2020, two months after his termination.

33.

Hairston was also never paid for at least three unused vacation days.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Patrick Hairston demands the following relief:

    a.  Ninety days of wages at a rate of $263.01 per day;

    b.  Penalties;

    c.  Attorney's Fees; and

    d.  Costs.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted this 8th day of October, 2021.

_____
MARK G. MONTIEL, JR. (#36122)
**MONTIEL HODGE, LLC**
400 Poydras Street, Suite 2325
New Orleans, Louisiana 70130
Telephone: (504) 323-5885
Facsimile: (504) 308-0511
Counsel for Plaintiff, Patrick Hairston

**PLEASE SERVE DEFENDANT:**

Sun Belt Conference Inc.
Through their Registered Agent:
Herbert L. Carter, III
1500 Sugar Bowl Drive
New Orleans, Louisiana 70112

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 461-2020-01981 |

| LOUISIANA COMMISSION ON HUMAN RIGHTS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MR. PATRICK HAIRSTON** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | **BELMONT,NC** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **THE SUN BELT CONFERENCE** | 15 - 100 | **(504) 299-9066** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1500 SUGAR BOWL DRIVE, NEW ORLEANS, LA 70112** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-30-2020   Latest: 04-30-2020

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the Sun Belt Conference in February 2016 and served as the Associate Commissioner/Chief Compliance Officer from July 2019 until my termination on April 30, 2020. I was told by Commissioner Keith Gill and Deputy Commissioner Kathy Keene that I was being discharged due to COVID-19 and staff budget cuts. However, on or about June 1, 2020, the Sun Belt Conference hired a White female for the same position from which I had been discharged. Additionally, all other Black and minority employees of the Sun Belt Conference were either discharged or forced to resign around the same time as me without any legitimate justification.

I believe that I was discriminated against by my former employer, the Sun Belt Conference, in my employment and termination. Toward the end of my employment, I was treated differently with regard to use of personal/vacation time, excluded from important meetings, not given information that I needed to complete my job effectively, striped of various job duties, and continuously scrutinized by my superiors, including Deputy Commissioner Kathy Keene, despite the fact that I received favorable evaluations from the Sun Belt Conferences

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Patrick Hairston on 10-16-2020 04:06 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EXHIBIT
A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **461-2020-01981** |

| **LOUISIANA COMMISSION ON HUMAN RIGHTS** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

membership. I believe it was Deputy Commissioner Keenes intent and plan to create a toxic work environment, make my job difficult and unworkable and ultimately, terminate me.

I believe I was discriminated against and discharged because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Patrick Hairston on 10-16-2020 04:06 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

*CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

· investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To  Patrick Hairston  Belmont, NC | From:  New Orleans Field Office  Hale Boggs Federal Building  500 Poydras Street, Room 809  New Orleans, LA 70130 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|
| EEOC Charge No.  461-2020-01981 | EEOC Representative  Vera Sumpter,  Investigator | Telephone No.  (504) 635-2555 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
|  | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|  | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Uma Kandan  Digitally signed by Uma Kandan  Date: 2021.07.13 07:18:07  -05'00'                    07/13/2021

Enclosures(s)

For Malcolm S. Medley,  Director                    (Date Issued)

cc:
| Jennifer Kogos  Attorney at Law  Jones & Walker  201 St. Charles Avenue  New Orleans, LA 70130 | Mark Montiel, Esq.  MONTIEL & HODGE  643 Magazine Street, Ste 405  New Orleans, LA 70130 |
|---|---|



EXHIBIT
B

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** **2 years (3 years)** **before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*