# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK HAIRSTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2088** |
| **SUN BELT CONFERENCE INC.,** | **SECTION: "G"** |

## ORDER AND REASONS

Pending before the Court is Plaintiff Patrick Hairston's "Motion to Remand."[1] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion to remand.

## I. Background

On October 8, 2021, Patrick Hairston ("Plaintiff") filed a Complaint against Sunbelt Conference, Inc. ("Defendant") in the Civil District Court for the Parish of Orleans.[2] In the Complaint, Plaintiff contends that he is a 50 year old African American and was employed by Defendant until he was fired on April 30, 2020.[3] Plaintiff contends that he was told his position was "shut down" due to budget cuts related to Covid-19, but had a "sneaking suspicion" that he was actually fired due to the "culmination of a toxic workplace that discriminated against him because of his race."[4] Plaintiff contends that his position was not shut down, but was filled by a

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 1–1.

[3] *Id.* at 2.

[4] *Id.*

non-minority candidate immediately after he was fired.[5] Plaintiff avers that four other minority employees were also later terminated by Defendant.[6]

Plaintiff alleges that he received exemplary performance reviews from former Commissioner Karl Benson, ("Benson").[7] Plaintiff avers that at the end of Benson's tenure, Keith Gill ("Gill") took over as Commissioner, and Kathy Keene ("Keene") remained the Deputy Commissioner.[8] Plaintiff avers that Keene did not support hiring Plaintiff, and opposed hiring other minority employees.[9] Instead, Plaintiff avers that Keene recommended hiring white employees.[10] Plaintiff alleges that upon Benson's retirement, Keene terminated the minority employees that Benson hired, and "favored white employees she had previously recommended for hire."[11]

Plaintiff contends that when Gill and Keene took over, there was an "immediate change" in the office, and that one minority employee quit because of the "developing toxic work conditions."[12] Plaintiff avers that Keene would leave him out of meetings that directly related to his job responsibilities.[13] Plaintiff alleges that information that was pertinent to his department was being "passed over him and provided to Keene."[14] Plaintiff further alleges that Keene began taking

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.* at 3.

[14] *Id.*

over Plaintiff's job responsibilities.[15] When Plaintiff confronted Keene about why she was doing this, Keene informed him that Gill was not pleased with his work.[16] However, Plaintiff alleges that Keene did not offer any direction as to how to fix the problem.[17] Additionally, Plaintiff asserts that he was retaliated against when he voiced his concerns, and that Keene increasingly scrutinized his work.[18]

Plaintiff alleges that he was terminated over the phone on April 30, 2020.[19] Plaintiff avers that Gill "would not call the termination a termination, he could not specify what work product was unsatisfactory, he would not say what the future of the position would look like, nor did he say he would put the reason for termination in writing."[20] Plaintiff contends that Gill did not have a significant say in Plaintiff's termination, but rather that Gill was used "as a shield" because he was the "lone remaining minority employee at the Sun Belt."[21]

Plaintiff brings claims for breach of contract (Count One),[22] race discrimination (Count Two),[23] Louisiana unfair trade practices (Count Three),[24] and failure to pay vacation time (Count

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.* at 4.

[22] *Id.*

[23] *Id.* at 5.

[24] *Id.* at 6.

Four).[25] Under Count Two, Plaintiff requests punitive damages.[26] The Complaint also states that Plaintiff "filed a charge of age and racial discrimination with the EEOC in New Orleans, Louisiana on October 16, 2020," and received "a dismissal and notice of rights on July 13, 2021."[27] The Complaint attaches as exhibits both the EEOC Charge and the Dismissal and Notice of Rights.[28]

On November 11, 2021, Defendant removed the case to this Court, asserting both federal question and diversity jurisdiction.[29] On November 12, 2021, Defendant filed a partial motion to dismiss.[30] On November 23, 2021, Plaintiff filed the instant Motion to Remand.[31] On December 6, 2021, Defendant filed its opposition to the Motion to Remand.[32]

## II. Parties' Arguments

### A.   Plaintiff's Arguments in Support of the Motion

First, Plaintiff argues that removal was improper because there was no basis for federal question jurisdiction.[33] Plaintiff contends that the Complaint alleges exclusively state law claims.[34] Plaintiff argues that the Complaint's reference to punitive damages and to Plaintiff's EEOC Charge

---

[25] *Id.* at 7.

[26] *Id.* at 6.

[27] *Id.* at 1.

[28] *Id.* at 8, 12.

[29] Rec. Doc. 1.

[30] Rec. Doc. 3.

[31] Rec. Doc. 6.

[32] Rec. Doc. 11.

[33] Rec. Doc. 6–1 at 1.

[34] *Id.* at 2.

do not provide a basis for removal based on federal question jurisdiction.[35] Plaintiff relies on *Manzella v. United Parcel Serv. Inc.*, to support his argument that a reference to punitive damages and the filing of an EEOC Charge are insufficient to give rise to federal question jurisdiction.[36]

Second, Plaintiff contends that the forum defendant rule bars removal of this case because Defendant is a resident of the forum.[37] Because Defendant is a citizen of Louisiana, Plaintiff contends that Defendant cannot remove the case to this Court.[38]

In addition to remanding the case back to state court, Plaintiff requests an award of attorneys' fees, costs, and expenses incurred in connection with this motion.[39]

### B. *Defendant's Arguments in Opposition to the Motion*

In response, Defendant argues that there is federal question jurisdiction over this case because: (1) Plaintiff attached and incorporated his EEOC Charge containing the allegation that Defendant violated Title VII; and (2) Plaintiff seeks a remedy for his race discrimination claim that is only available under Title VII.[40]

Defendant relies on *Davoodi v. Austin Independent School District*, in which the Fifth Circuit, according to Defendant, "addressed the exact issue before this Court."[41] Because Plaintiff attached his EEOC Charge to the Complaint, Defendant contends that he made the Charge "a part

---

[35] *Id.*

[36] *Id.*

[37] *Id.* at 3.

[38] *Id.* at 3–4.

[39] *Id.* at 4.

[40] Rec. Doc. 11 at 3.

[41] *Id.*

of the [Complaint] for all purposes."[42] Defendant further argues that when asserting his race discrimination claim, Plaintiff "fully incorporated the allegations in his Charge by 'adopt[ing] and re-allege[ing] each allegation in this Complaint as if set out anew herein.'"[43] Because Plaintiff's EEOC Charge alleges that Defendant violated Title VII, and the Charge is "part of and fully incorporated in the Complaint," Defendant alleges that the Complaint raises a federal question.[44] Defendant asserts that the intent to assert a Title VII claim is "further revealed" by Plaintiff's request for punitive damages on his race discrimination claim—a remedy Defendant asserts is only available under Title VII.[45] Defendant also argues that Plaintiff's reliance on *Manzella* is misplaced, as it predates the Fifth Circuit's decision in *Davoodi*.[46] Nevertheless, Defendant argues that *Manzella* is distinguishable.[47]

Second, Defendant argues that the forum defendant rule does not apply.[48] Defendant alleges that the forum defendant rule applies only when the case is removed solely on the basis of diversity.[49] Because Defendant is relying on federal question jurisdiction as well, Defendant argues that the forum defendant rule does not bar removal.[50]

---

[42] *Id.* at 4 (alteration in original).

[43] *Id.* (alterations in original).

[44] *Id.*

[45] *Id.*

[46] *Id.* at 5.

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.* at 4–5.

Next, Defendant notes that because this Court has federal question jurisdiction over the case, the Court does not need to address the diversity of the parties.[51] Nevertheless, Defendant contends that Plaintiff "was very careful in the wording of his Complaint so as to not admit his citizenship."[52] Defendant points out that the state court Complaint notes that Plaintiff is a "citizen of the United States and resident of New Orleans."[53] Nevertheless, Defendant notes that Plaintiff "admitted North Carolina was 'home'" and the EEOC Charged "listed his home address in North Carolina."[54] Thus, Defendant contends that because the parties are diverse and the forum defendant rule does not apply, this Court also has jurisdiction under 28 U.S.C. § 1332.[55]

Lastly, Defendant argues that Plaintiff is not entitled to attorneys' fees because removal was not improper.[56] Even if it were improper, Defendant argues that Plaintiff has not made a showing that the removal was unreasonable.[57]

**C.     Plaintiff's Arguments in Further Support of the Motion to Remand**

In reply, Plaintiff repeats many of the arguments made in the Motion to Remand. First, Plaintiff reasserts that the EEOC Charge and Notice of Right to Sue do not make the case removable. Plaintiff argues that "[a]t no point does [Plaintiff] incorporate the EEOC Charge in his Petition," and that he only references it once.[58] Plaintiff contends that for the Court to "read an

---

[51] *Id.* at 6.

[52] *Id.*

[53] *Id.*

[54] *Id.*

[55] *Id.*

[56] *Id.* at 6–7.

[57] *Id.*

[58] Rec. Doc. 19 at 3.

exhibit attached to confer jurisdiction as creating a new cause of action is patently absurd."[59] Plaintiff argues that *Davoodi* is distinguishable.[60] Plaintiff contends that unlike in *Davoodi* where the plaintiff "attached and fully incorporated" the EEOC Charge, Plaintiff here "simply notes the existence of his federal Charge of Discrimination and subsequent receipt of a Notice of the Right to Sue letter from the EEOC."[61] Plaintiff points to *Coleman Crump v. Baton Rouge City Constables Office*, which Plaintiff contends distinguished *Davoodi* on similar grounds.[62] Thus, Plaintiff contends that *Davoodi* is not controlling and therefore removal was improper based on the EEOC Complaint.[63]

Next, Plaintiff argues that the Complaint's request for punitive damages does not confer federal question jurisdiction because the Complaint does not reference any relief under Title VII.[64] Plaintiff points to various decisions of the federal district courts in Louisiana that, according to Plaintiff, have rejected similar arguments.[65]

Plaintiff also re-urges that the forum defendant rule bars removal.[66] Plaintiff argues that because "federal question jurisdiction is clearly inapplicable," diversity jurisdiction is Defendant's

---

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] *Id.*

[63] *Id.*

[64] *Id.* at 4.

[65] *Id.* at 4–5.

[66] *Id.* at 5.

only basis for removal.[67] Because Defendant is a citizen of Louisiana, Plaintiff argues that the forum defendant rule bars removal.[68]

Lastly, Plaintiff asserts that he is entitled to attorney's fees, costs, and expenses because Defendant lacked a basis for removing this case, and Defendant "has clearly misconstrued [Plaintiff]'s Complaint in an effort to manipulate its way before this Honorable Court."[69]

### III. Legal Standard

Unless an act of Congress provides otherwise, a defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[70] Pursuant to 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[71] The removing party bears the burden of demonstrating that federal jurisdiction exists.[72] To determine whether jurisdiction is present for removal, the Court must "consider the claims in the state court petition as they existed at the time of removal," and "[a]ny ambiguities are construed against removal."[73] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[74] Remand is appropriate if the Court lacks subject matter

---

[67] *Id.*

[68] *Id.*

[69] *Id.* at 6.

[70] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

[71] 28 U.S.C. § 1331.

[72] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[73] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[74] *Id.* at 723.

jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[75]

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[76] Furthermore, pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" "citizens of different states."[77]

## IV. Analysis

Plaintiff contends that removal was improper for two reasons. First, Plaintiff contends that there is no federal question jurisdiction over this case. Second, Plaintiff contends that the forum defendant rule bars removal to federal court. The Court will address each argument in turn.

### A.    *Whether Removal Based on Federal Question Jurisdiction was Proper*

The Supreme Court has explained that "[f]ederal courts are courts of limited jurisdiction," and possess "only that power authorized by Constitution and statute."[78] Title 28 U.S.C. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[79] Because Plaintiff is "the master of

---

[75] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[76] 28 U.S.C. § 1331.

[77] 28 U.S.C. § 1332(a).

[78] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[79] 28 U.S.C. § 1331.

[his] complaint," the "determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint."[80]

Defendant contends that the state court Complaint stated a federal question because: (1) Plaintiff attached and incorporated his EEOC Charge which alleged that Defendant violated Title VII; and (2) Count Two seeks punitive damages as a remedy, and punitive damages are only permitted under federal law.

The Fifth Circuit's decision in *Davoodi v. Austin Independent School District* controls the resolution of this motion.[81] In *Davoodi*, the plaintiff filed a discrimination suit against his employer in Texas state court.[82] However, the plaintiff "[a]ttached and 'fully incorporated'" his EEOC Charge into the state court complaint, and the Charge alleged that the plaintiff had been discriminated against under Title VII.[83] The plaintiff "initially referenced [the EEOC Charge] in the 'Facts' section of his complaint, but also referenced the Charge and the EEOC when addressing his claim for retaliation."[84] The Fifth Circuit held that removal was proper.[85] The appellate court explained that when the plaintiff "attached and fully incorporated the Charge into his complaint, it became a part of his complaint for all purposes."[86] As a result, the plaintiff's "well-pleaded complaint included the assertion that he had been and continued to be discriminated against, in

---

[80] *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001).

[81] *Davoodi v. Austin Independent School Dist.*, 755 F.3d 307 (5th Cir. 2014).

[82] *Id.* at 308.

[83] *Id.*

[84] *Id.*

[85] *Id.* at 310.

[86] *Id.* (citing Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")).

violation of Title VII."[87] Accordingly, the Fifth Circuit held that the district court had federal question jurisdiction over the lawsuit and removal was proper.[88]

As in *Davoodi*, Plaintiff's attachment of his EEOC Charge rendered the case removable based on federal question jurisdiction. Here, the state court Complaint states that Plaintiff "filed a charge of age and racial discrimination with the EEOC," and attaches that Charge as "Exhibit A."[89] The EEOC Charge attached as Exhibit A, in turn, states that "I believe I was discriminated against and discharged because of my race, Black, *in violation of Title VII of the Civil Rights Act of 1964*, as amended."[90] Thus, the EEOC Charge alleges a violation of Title VII, *not* the Louisiana Employment Discrimination law. Rule 10(c) of the Federal Rules of Civil Procedure provides that "[a] copy of a written intstrument that is an exhibit to a pleading is a part of the pleading for all purposes."[91] Thus, as in *Davoodi*, by attaching the EEOC Charge that explicitly alleges a violation of Title VII, that Charge became "a part of the pleading for all purposes."[92] Because the pleading includes an allegation that Defendant violated Title VII, the case "aris[es] under … the laws … of the United States" and is removable under 28 U.S.C. § 1441.

Plaintiff relies on *Manzella v. United Parcel Service Inc.*, decided by a Magistrate Judge in the Eastern District of Louisiana, which involved similar circumstances to those at issue here.[93]

---

[87] *Id.*

[88] *Id.*

[89] Rec. Doc 1–1 at 1, 8.

[90] *Id.* at 8–9 (emphasis added).

[91] Fed R. Civ. P. 10(c).

[92] *Id.*; *Davoodi*, 755 F.3d at 310.

[93] *Manzella v. United Parcel Service Inc.*, No. 02-1800, 2002 WL 31040170 (E.D. La. Sept. 10 2002).

In that case, the state court petition did not have an express reference to Title VII.[94] Nevertheless, the defendants argued that the petition stated a claim under Title VII because 1) the petition asked for punitive damages, which are available under Title VII but not under the Louisiana Employment Discrimination Law, and 2) the plaintiff filed a Charge with the EEOC and received a Right to Sue letter.[95] The court held that those facts were "insufficient to infer a Title VII cause of action from plaintiffs' petition."[96] The court explained that "[a]t best, they pose ambiguities, which must be construed against removal."[97] The court noted that the case law is "replete" with decisions granting remand even when the complaints "contained more substantial references to Title VII than in the instant case."[98]

However, the Magistrate Judge's thoughtful opinion in that case lacked the benefit of the Fifth Circuit's subsequent decision in *Davoodi*, which is now binding on the Court. In any event, *Manzella* is distinguishable from the case before the Court. Unlike in *Manzella*, where the mere *filing* of an EEOC Charge and the *receipt* of a Right to Sue letter was not sufficient to state a Title VII claim, Plaintiff's state court Complaint here expressly attached the EEOC Charge and Right to Sue letter as exhibits to the pleading. Thus, Plaintiff's reliance on the decision in *Manzella* is unpersuasive.

In the reply brief, Plaintiff attempts to distinguish *Davoodi*, arguing that while the plaintiff in *Davoodi* "attached and fully incorporated the EEOC Charge into his complaint," Plaintiff here

---

[94] *Id.* at *3.

[95] *Id.*

[96] *Id.*

[97] *Id.*

[98] *Id.*

"simply noted the existence" of the EEOC Charge and Right to Sue letter.[99] Plaintiff cites *Coleman Crump v. Baton Rouge City Constables Office*,[100] decided by a Magistrate Judge in the Middle District of Louisiana, which relied entirely on *Pidgeon v. East Baton Rouge Sherriff's Office*[101] without providing separate analysis. In *Pidgeon*, also decided by a Magistrate Judge in the Middle District of Louisiana, the court rejected an argument that an EEOC Charge raised a federal question.[102] The court explained that "[u]nlike the plaintiff in *Davoodi*, the plaintiff in this action did not attach or otherwise attempt to incorporate his Charge into the pleadings."[103] Here, however, Plaintiff's reliance on these decisions is misplaced for the obvious reason that in this case, Plaintiff *did* attach the EEOC Charge to the Complaint.[104] These decisions only reaffirm the Court's conclusion that *Davoodi* controls the resolution of this Motion. Because Plaintiff attached the EEOC Charge asserting federal claims to the Complaint, it became a part of his pleading for all purposes. As a result, removal based on federal question jurisdiction was proper.

Because the Court finds that *Davoodi* is controlling, the Court need not address whether Plaintiff's request for punitive damages would have also rendered the case removable.

---

[99] Rec. Doc 19 at 3

[100] *Coleman Crump v. Baton Rouge City Constables Off.*, 17-257 2017 WL 4678487 at *3 (Sept. 22, 2017 M.D La.) (Wilder-Doomes, M.J.).

[101] *Pidgeon v. East Baton Rouge Sherrif's Off.*, 17-342 2017 WL 3996436 (August 21, 2017 M.D. La.) (Bourgeois, Jr., M.J.).

[102] *Id.* at *3.
[103] *Id.*

[104] Rec. Doc. 1–1 at 8–9.

**B.**     *Whether Removal was Barred by the Forum Defendant Rule*

Next, Plaintiff argues that removal was improper because the forum defendant rule prohibits removal by a defendant when the defendant is a citizen of the forum.[105] Because Defendant here is a citizen of Louisiana, Plaintiff argues that the forum defendant rule bars removal.[106]

As discussed, 28 USC § 1441(a) permits a defendant to remove a civil case brought in state court to the federal district court where the case could have been brought.[107] "In diversity cases, there is an additional limitation on removal, known as the forum-defendant rule."[108] That rule provides that "[a] civil action otherwise removable *solely* on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[109]

The Court finds that the forum defendant rule does not bar removal of this case. The rule plainly applies only when an action is removed "solely" on the basis of diversity jurisdiction.[110] Because the Court has found that the state court Complaint raised a federal question, the forum defendant rule does not bar removal. The Court does not understand Plaintiff's motion to argue otherwise. The Motion appears to be arguing that the forum defendant rule would bar removal based on diversity if the Court agreed with Plaintiff that the Complaint does not raise a federal

---

[105] Rec. Doc 6–1 at 3.

[106] *Id.*

[107] 28 U.S.C. § 1441(a).

[108] *Texas Brine Co. v. Am. Arbitration Ass'n.*, 955 F.3d 482 (5th Cir. 2020).

[109] 28 U.S.C. § 1441(b)(2).

[110] *See* 28 U.S.C. §1441(b)(2); *Curtis v. BP America, Inc*, 808 F.Supp. 2d 976, 982 (S.D. Tex. 2011) ("The forum-defendant rule does not apply to cases arising under federal law.").

question. However, because the Court rejects Plaintiff's argument and finds that, based on *Davoodi*, the Complaint states a federal question, the forum defendant rule is inapplicable.

**V. Conclusion**

Based on the foregoing, removal of this case was proper. Therefore, Plaintiff is not entitled to attorneys' fees, costs, and expenses incurred in connection with this motion.

**IT IS HEREBY ORDERED** that the Motion to Remand is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this ___16th___ day of December, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**