UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK HAIRSTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2088** |
| **SUN BELT CONFERENCE INC.** | **SECTION: "G"** |

### ORDER AND REASONS

On October 8, 2021, Plaintiff Patrick Hairston ("Plaintiff") filed a complaint in the Civil District Court for the Parish of Orleans, which Defendant Sunbelt Conference, Inc. ("Defendant") removed to this Court.[1] On December 16, 2021, the Court denied Plaintiff's first motion to remand.[2] With leave of Court, Plaintiff then filed an amended complaint.[3] Pending before the Court is Plaintiff's second "Motion to Remand."[4] For the reasons discussed in detail below, the Court has diversity jurisdiction over this case and the forum defendant rule did not bar removal. Accordingly, having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion.

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 21.

[3] Rec. Doc. 33.

[4] Rec. Doc. 34.

1

## I. Background

On October 8, 2021, Patrick Hairston ("Plaintiff") filed a Complaint against Sunbelt Conference, Inc. ("Defendant") in the Civil District Court for the Parish of Orleans.[5] In the Complaint, Plaintiff contends that he is a 50 year old African American and was employed by Defendant until he was fired on April 30, 2020.[6] Plaintiff contends that he was told his position was "shut down" due to budget cuts related to Covid-19, but had a "sneaking suspicion" that he was actually fired due to the "culmination of a toxic workplace that discriminated against him because of his race."[7] Plaintiff contends that his position was not shut down, but was filled by a non-minority candidate immediately after he was fired.[8] Plaintiff avers that four other minority employees were also later terminated by Defendant.[9]

Plaintiff alleges that he received exemplary performance reviews from former Commissioner Karl Benson ("Benson").[10] Plaintiff avers that at the end of Benson's tenure, Keith Gill ("Gill") took over as Commissioner, and Kathy Keene ("Keene") remained the Deputy Commissioner.[11] Plaintiff avers that Keene did not support hiring Plaintiff, and opposed hiring other minority employees.[12] Instead, Plaintiff avers that Keene recommended hiring white

---

[5] Rec. Doc. 1–1.

[6] *Id.* at 2.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

employees.[13] Plaintiff alleges that upon Benson's retirement, Keene terminated the minority employees that Benson hired, and "favored white employees she had previously recommended for hire."[14]

Plaintiff contends that when Gill and Keene took over, there was an "immediate change" in the office, and that one minority employee quit because of the "developing toxic work conditions."[15] Plaintiff avers that Keene would leave him out of meetings that directly related to his job responsibilities.[16] Plaintiff alleges that information that was pertinent to his department was being "passed over him and provided to Keene."[17] Plaintiff further alleges that Keene began taking over Plaintiff's job responsibilities.[18] When Plaintiff confronted Keene about why she was doing this, Keene informed him that Gill was not pleased with his work.[19] However, Plaintiff alleges that Keene did not offer any direction as to how to fix the problem.[20] Additionally, Plaintiff asserts that he was retaliated against when he voiced his concerns, and that Keene increasingly scrutinized his work.[21]

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.* at 3.

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

Plaintiff alleges that he was terminated over the phone on April 30, 2020.[22] Plaintiff avers that Gill "would not call the termination a termination, he could not specify what work product was unsatisfactory, he would not say what the future of the position would look like, nor did he say he would put the reason for termination in writing."[23] Plaintiff contends that Gill did not have a significant say in Plaintiff's termination, but rather that Gill was used "as a shield" because he was the "lone remaining minority employee at the Sun Belt."[24]

Plaintiff brings claims for breach of contract (Count One),[25] race discrimination (Count Two),[26] Louisiana unfair trade practices (Count Three),[27] and failure to pay vacation time (Count Four).[28] Under Count Two, Plaintiff requests punitive damages.[29] The Complaint also states that Plaintiff "filed a charge of age and racial discrimination with the EEOC in New Orleans, Louisiana on October 16, 2020," and received "a dismissal and notice of rights on July 13, 2021."[30] The Complaint attaches as exhibits both the EEOC Charge and the Dismissal and Notice of Rights.[31]

---

[22] *Id.*

[23] *Id.*

[24] *Id.* at 4.

[25] *Id.*

[26] *Id.* at 5.

[27] *Id.* at 6.

[28] *Id.* at 7.

[29] *Id.* at 6.

[30] *Id.* at 1.

[31] *Id.* at 8, 12.

On November 11, 2021, Defendant removed the case to this Court, asserting both federal question and diversity jurisdiction.[32] On November 12, 2021, Defendant filed a partial motion to dismiss.[33] On November 23, 2021, Plaintiff filed a motion to remand.[34] On December 16, 2021, this Court denied Plaintiff's motion to remand because the complaint raised a federal question by attaching and incorporating an EEOC charge that stated a claim under Title VII.[35] Subsequent to that ruling, Plaintiff amended his Complaint to remove the EEOC charge and his request for punitive damages.[36]

On January 28, 2022, Plaintiff filed the instant second motion to remand, asserting that the case should be remanded because any federal claim was dismissed and the Court does not have diversity jurisdiction over the state law claims.[37] In response, Defendant filed a motion for jurisdictional discovery to determine Plaintiff's citizenship for purposes of diversity jurisdiction.[38] In opposition to Defendant's motion for jurisdictional discovery, Plaintiff admitted that his citizenship at the time of filing this lawsuit was West Virginia.[39] However, Plaintiff maintained that at the time of filing his EEOC charge, he was a citizen of Louisiana.[40] He further argued that

---

[32] Rec. Doc. 1.

[33] Rec. Doc. 3.

[34] Rec. Doc. 6.

[35] Rec. Doc. 21.

[36] Rec. Doc. 33.

[37] Rec. Doc. 34.

[38] Rec. Doc. 36.

[39] Rec. Doc. 40 at 3.

[40] *Id.*

for purposes of diversity jurisdiction, the Court should consider his citizenship at the time he filed his EEOC charge.[41] Because Plaintiff admitted that his citizenship at the time of filing was West Virginia, the Court denied the motion for jurisdictional discovery and noted that "any other issues, such as whether Plaintiff's citizenship should be considered at the time he filed the EEOC complaint, should be briefed in opposition to the motion to remand."[42] On February 15, 2022, Defendant filed its opposition to the motion to remand.[43]

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of the Motion to Remand*

Plaintiff argues that because the amended complaint includes only state law claims, the Court must remand the case.[44] Plaintiff cites to 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[45] Plaintiff argues that a "clear reading" of this provision supports remand because "this court no longer has a basis for jurisdiction."[46]

Plaintiff first argues that the Court does not have diversity jurisdiction over the case.[47] Plaintiff asserts that the Court should consider his citizenship at the time he filed his EEOC charge,

---

[41] *Id.* at 3–5.

[42] Rec. Doc. 42.

[43] Rec. Doc. 43.

[44] Rec. Doc. 34-1 at 2.

[45] *Id.*

[46] *Id.*

[47] *Id.* at 3. Plaintiff originally argued that the parties are not diverse because both were citizens of Louisiana at the time the suit was filed. However, in subsequent filings, Plaintiff admits to being a citizen of West Virginia at the time of filing. Rec. Doc. 40.

rather than at the time the suit was filed and removed.[48] Plaintiff suggests that he moved from Louisiana to West Virginia after being wrongfully fired by Defendant, and therefore Defendant should not "benefit" from his citizenship changing prior to filing suit.[49] Plaintiff further argues that the forum defendant rule barred removal of this case to federal court.[50] Because Defendant is a citizen of Louisiana, Plaintiff contends that removal to a federal court in Louisiana violates the forum defendant rule.[51]

### B.    *Defendant's Arguments in Opposition to the Motion*

In opposition, Defendant argues that the case should not be remanded for several reasons. First, Defendant argues that the Fifth Circuit has held that amending a complaint to remove claims arising under federal law after removal does not deprive district courts of subject matter jurisdiction.[52] In any event, Defendant contends that this Court also has diversity jurisdiction over this case.[53] Defendant argues that the amount in controversy exceeds $75,000, and represents that Plaintiff made a pre-petition settlement demand for over $1,000,000.[54] Furthermore, Defendant contends that the parties were citizens of different states at the time the suit was filed and removed.[55] Defendant argues that Plaintiff's suggestion that his citizenship should be determined

---

[48] Rec. Doc. 40 at 3.

[49] *Id.* at 4.

[50] Rec. Doc. 34-1 at 3.

[51] *Id.*

[52] Rec. Doc. 43 at 8.

[53] *Id.* at 9.

[54] *Id.* at 7, n.8. Defendant does not attach the settlement demand, but offers to provide it to the Court upon request. Plaintiff has not disputed that the amount in controversy exceeds $75,000, and has not denied making the settlement demand.

[55] *Id.* at 10.

7

at the time he filed his EEOC charge is contrary to "two hundred years of binding Supreme Court precedent."[56] Thus, because at the time of filing and removal the parties were diverse, and the amount in controversy exceeded $75,000, Defendant contends the Court has diversity jurisdiction over this case.[57]

Defendant further argues that the forum defendant rule does not apply. First, Defendant contends that this Court has already determined that the forum defendant rule did not bar removal, and that the "doctrine of the law of the case generally precludes a court from reexamining an issue previously decided by the same court in the same cause such that the issue becomes *stare decisis* for subsequent proceedings."[58] In any event, Defendant contends that the amended complaint removing the federal question is irrelevant to the forum defendant rule's applicability because jurisdictional facts should be determined at the time of removal.[59] Lastly, Defendant argues that the forum defendant rule is "procedural and does not affect the court's subject matter jurisdiction."[60]

### III. Legal Standard

Unless an act of Congress provides otherwise, a defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[61] Pursuant to 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under

---

[56] *Id.* at 13.

[57] *Id.*

[58] *Id.* at 14 (quoting *Morris v. SWDI, LLC*, 872 F. Supp. 2d 499, 507 (E.D. La. 2012) (Brown, C.J.).

[59] *Id.*

[60] *Id*. at 15.

[61] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

the Constitution, laws, or treaties of the United States."[62] The removing party bears the burden of demonstrating that federal jurisdiction exists.[63] To determine whether jurisdiction is present for removal, the Court must "consider the claims in the state court petition as they existed at the time of removal," and "[a]ny ambiguities are construed against removal."[64] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[65] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[66]

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[67] Furthermore, pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" "citizens of different states."[68]

---

[62] 28 U.S.C. § 1331.

[63] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[64] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[65] *Id.*

[66] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[67] 28 U.S.C. § 1331.

[68] *Id.* § 1332(a).

## IV. Analysis

On November 11, 2021, Defendant removed this case to this Court asserting both federal question and diversity jurisdiction.[69] On December 16, 2021 the Court denied Plaintiff's first motion to remand, finding that the complaint raised a federal question by attaching and incorporating an EEOC charge that stated a claim under Title VII.[70] The Court also found that removal was not barred by the forum defendant rule even though Defendant is a citizen of Louisiana.[71]

With leave of Court, Plaintiff amended the complaint to remove the EEOC charge.[72] Plaintiff then filed a second motion to remand, arguing that the case should be remanded because any federal claim was dismissed and because the Court does not have diversity jurisdiction over the remaining state law claims. Defendant correctly points out that amending a complaint to remove claims arising under federal law after removal does not deprive district courts of subject matter jurisdiction.[73] Nevertheless, if only state law claims remain pending, the Court could decline to exercise supplemental jurisdiction over the state law claims,[74] unless there is also diversity jurisdiction over the claims. Thus, the Court must determine whether it has diversity jurisdiction over this case, and whether the forum defendant rule bars removal. The Court will address each in turn.

---

[69] Rec. Doc. 1.

[70] Rec. Doc. 21.

[71] *Id.*

[72] Rec. Doc. 33.

[73] *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015).

[74] *See* 28 U.S.C. § 1367(c).

### A.  *Diversity Jurisdiction*

Title 28, Section 1332 of the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."[75] An individual is a citizen in the state in which they are domiciled.[76] A corporation, on the other hand, is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."[77]

The Supreme Court has recognized that diversity jurisdiction "depends upon the state of things at the time of the action brought."[78] Furthermore, "the law is no different in cases removed from state court."[79] "[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court."[80]

Plaintiff does not dispute that Defendant is incorporated in and has its principal place of business in Louisiana. Therefore, for purposes of diversity jurisdiction, Defendant is a citizen of Louisiana. In opposition to Defendant's motion for jurisdictional discovery, Plaintiff admitted that at the time of filing suit, he was no longer a citizen of Louisiana and instead was a citizen of West Virginia.[81] Therefore, Plaintiff's citizenship for purposes of diversity jurisdiction is West Virginia.

---

[75] 28 U.S.C. § 1332.

[76] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

[77] *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

[78] *Grupo Dataflu. v. Atlas Glob. Grp., L.P.,* 541 U.S. 567 (2004).

[79] *Ashford v. Aerforframe Sers., LLC*, 907 F.3d 385 386 (5th Cir. 2018).

[80] *Id.* (quoting *Coury*, 85 F.3d at 248–49).

[81] Rec. Doc. 40 at 3.

Accordingly, the parties were citizens of different states both at the time the suit was filed and at the time it was removed to federal court.

Plaintiff suggests that, for purposes of diversity jurisdiction, the Court should instead consider the fact that he was a citizen of Louisiana when he filed his EEOC charge.[82] Plaintiff suggests that he moved from Louisiana to West Virginia after being wrongfully fired by Defendant, and therefore Defendant should not "benefit" from his citizenship changing prior to filing suit.[83] However, Plaintiff's argument is contrary to the well settled rule that a parties' citizenship is determined at the time of filing and removal.[84] Plaintiff cites to no authority, and the Court has found none, adopting Plaintiff's novel suggestion that citizenship is determined at the time an EEOC charge is filed. Therefore, the Court determines that the parties were diverse when the lawsuit was filed and removed.

Furthermore, the amount in controversy exceeds $75,000. The Court notes that Plaintiff has not argued that the amount in controversy is less than $75,000. Furthermore, Defendant represents that prior to filing the state court petition, Plaintiff made a settlement demand for over $1,000,000. In the Fifth Circuit, pre-petition settlement demand letters are relevant evidence of the amount in controversy.[85] As Plaintiff has not argued or offered evidence disputing the amount in controversy, the Court finds that Defendant has satisfied its burden of demonstrating that the

---

[82] *Id*.

[83] *Id.* at 4.

[84] *Grupo,* 541 U.S. at 571–72.

[85] *See, e.g.*, *Thompson v. Acceptance Indem Ins. Co.*, 2014 WL 7369733 at *4 (E.D. La. December 29, 2014) (Brown, C.J.) (collecting cases).

amount in controversy requirement is met. Therefore, the Court has diversity jurisdiction over this case.

### B.     The Forum Defendant Rule

Alternatively, Plaintiff argues that removal was barred by the forum defendant rule.[86] As discussed, 28 USC § 1441(a) permits a defendant to remove a civil case brought in state court to the federal district court where the case could have been brought.[87] "In diversity cases, there is an additional limitation on removal, known as the forum-defendant rule."[88] That rule provides that "[a] civil action otherwise removable *solely* on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[89]

Plaintiff argues that if jurisdiction is based on diversity, the forum defendant rule requires remand because Defendant is a citizen of Louisiana.[90] The Court has already rejected this argument. In the Court's December 16, 2021 Order and Reasons denying Plaintiff's first motion to remand, the Court explained that the forum defendant rule bars removal by an in-state defendant only when an action is removed "solely" on the basis of diversity jurisdiction."[91] Because the Court found that removal was proper based on federal question jurisdiction, the Court concluded that the forum defendant rule did not bar removal.[92]

---

[86] Rec. Doc. 34-1 at 3.

[87] 28 U.S.C. § 1441(a).

[88] *Texas Brine Co. v. Am. Arbitration Ass'n.*, 955 F.3d 482 (5th Cir. 2020).

[89] 28 U.S.C. § 1441(b)(2).

[90] Rec. Doc. 34-1 at 3.

[91] Rec. Doc. 21.

[92] *Id.* at 15.

After amending the complaint to remove any federal question, Plaintiff again asserts the removal by an in-state Defendant violates the forum defendant rule. However, "[t]he propriety of removal is determined by looking to the plaintiff's complaint as it existed in state court at the time of removal."[93] Because removal was proper based on the federal question in the complaint at the time, the forum defendant rule did not bar removal. Although Plaintiff has amended the complaint to remove the federal question, "the forum defendant rule is a procedural one and not a jurisdictional one."[94] Therefore, because removal was procedurally proper at the time of removal based on the federal question, and the Court maintains diversity jurisdiction over the case, Plaintiff's motion to remand must be denied.[95]

## V. Conclusion

For the foregoing reasons, the Court has diversity jurisdiction over this case and the forum defendant rule did not bar removal. Accordingly,

**IT IS HEREBY ORDERED** that the Second Motion to Remand is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this __10th__ day of May, 2022.

                                         **NANNETTE JOLIVETTE BROWN**
                                         **CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**

---

[93] *Davis v. Dep't of Health and Hosps.*, 195 F. App'x 203, 204 (5th Cir. 2006) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

[94] *Texas Brine Co. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020).

[95] *Spencer v. U.S. Dist. Court for Northern Dist. of Ca.*, 393 F.3d 867, 871 (9th Cir. 2004) ("When removal is proper at that time, subsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand."); *Id.* ("The forum defendant rule …. is only applicable at the time a notice of removal is filed.").