UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK HAIRSTON                                      CIVIL ACTION

VERSUS                                               NO. 21-2088

SUN BELT CONFERENCE INC.                             SECTION: "G"

## ORDER AND REASONS

Before the Court is Defendant Sunbelt Conference, Inc.'s ("Defendant") "Rule 12(b)(6)
Motion for Partial Dismissal."[1] Defendant seeks dismissal of Plaintiff Patrick Hairston's
("Plaintiff") Louisiana Unfair Trade Practices Act ("LUTPA") claim. Plaintiff opposes the
motion.[2] For the reasons discussed in detail below and accepting Plaintiff's allegations as true,
Defendant was not engaged in trade or commerce when Plaintiff's employment was terminated.
Therefore, Plaintiff has not stated a claim against Defendant under LUTPA. Accordingly, having
considered the motion, the memoranda in support and opposition, the record, and the applicable
law, the Court grants the motion.

## I. Background

On October 8, 2021, Plaintiff filed a Complaint against Defendant in the Civil District
Court for the Parish of Orleans.[3] In the Complaint, Plaintiff contends that he is a 50-year-old

---

[1] Rec. Doc. 3.

[2] Rec. Doc. 21.

[3] Rec. Doc. 1–1.

1

African American and was employed by Defendant until he was fired on April 30, 2020.[4] Plaintiff contends that he was told his position was "shut down" due to budget cuts related to Covid-19, but had a "sneaking suspicion" that he was actually fired due to the "culmination of a toxic workplace that discriminated against him because of his race."[5] Plaintiff contends that his position was not shut down, but was filled by a non-minority candidate immediately after he was fired.[6] Plaintiff avers that four other minority employees were also later terminated by Defendant.[7]

Plaintiff alleges that he received exemplary performance reviews from former Commissioner Karl Benson ("Benson").[8] Plaintiff avers that at the end of Benson's tenure, Keith Gill ("Gill") took over as Commissioner, and Kathy Keene ("Keene") remained the Deputy Commissioner.[9] Plaintiff avers that Keene did not support hiring Plaintiff, and opposed hiring other minority employees.[10] Instead, Plaintiff avers that Keene recommended hiring white employees.[11] Plaintiff alleges that upon Benson's retirement, Keene terminated the minority employees that Benson hired, and "favored white employees she had previously recommended for hire."[12]

---

[4] *Id.* at 2.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

Plaintiff contends that when Gill and Keene took over, there was an "immediate change" in the office, and that one minority employee quit because of the "developing toxic work conditions."[13] Plaintiff avers that Keene would leave him out of meetings that directly related to his job responsibilities.[14] Plaintiff alleges that information that was pertinent to his department was being "passed over him and provided to Keene."[15] Plaintiff further alleges that Keene began taking over Plaintiff's job responsibilities.[16] When Plaintiff confronted Keene about why she was doing this, Keene informed him that Gill was not pleased with his work.[17] However, Plaintiff alleges that Keene did not offer any direction as to how to fix the problem.[18] Additionally, Plaintiff asserts that he was retaliated against when he voiced his concerns and that Keene increasingly scrutinized his work.[19]

Plaintiff alleges that he was terminated over the phone on April 30, 2020.[20] Plaintiff avers that Gill "would not call the termination a termination, he could not specify what work product was unsatisfactory, he would not say what the future of the position would look like, nor did he say he would put the reason for termination in writing."[21] Plaintiff contends that Gill did not have

---

[13] *Id.*

[14] *Id.* at 3.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

a significant say in Plaintiff's termination, but rather that Gill was used "as a shield" because he was the "lone remaining minority employee at the Sun Belt."[22]

Plaintiff brings claims for breach of contract (Count One),[23] race discrimination (Count Two),[24] violations of LUTPA (Count Three),[25] and failure to pay vacation time (Count Four).[26] Under Count Two, Plaintiff requests punitive damages.[27] The Complaint also states that Plaintiff "filed a charge of age and racial discrimination with the EEOC in New Orleans, Louisiana on October 16, 2020," and received "a dismissal and notice of rights on July 13, 2021."[28] The Complaint attaches as exhibits both the EEOC Charge and the Dismissal and Notice of Rights.[29]

On November 11, 2021, Defendant removed the case to this Court, asserting both federal question and diversity jurisdiction.[30] On November 12, 2021, Defendant filed the instant partial motion to dismiss.[31] On November 23, 2021, Plaintiff filed a motion to remand.[32] On December 16, 2021, this Court denied Plaintiff's motion to remand because the complaint raised a federal question by attaching and incorporating an EEOC charge that stated a claim under Title VII.[33]

---

[22] *Id.* at 4.

[23] *Id.*

[24] *Id.* at 5.

[25] *Id.* at 6.

[26] *Id.* at 7.

[27] *Id.* at 6.

[28] *Id.* at 1.

[29] *Id.* at 8, 12.

[30] Rec. Doc. 1.

[31] Rec. Doc. 3.

[32] Rec. Doc. 6.

[33] Rec. Doc. 21.

Subsequent to that ruling, Plaintiff amended the Complaint to remove the EEOC charge and his request for punitive damages.[34]

On January 28, 2022, Plaintiff filed a second motion to remand, asserting that the case should be remanded because any federal claim was dismissed and the Court does not have diversity jurisdiction over the state law claims.[35] On February 15, 2022, Defendant filed its opposition to the second motion to remand.[36] On May 11, 2022, the Court denied the second motion to remand, finding that it has diversity jurisdiction over this case and the forum defendant rule did not bar removal.[37]

As noted above, the instant partial motion to dismiss was filed on November 12, 2021.[38] Plaintiff filed an opposition on January 18, 2022.[39] Defendant filed a reply brief with leave of Court on March 7, 2022.[40]

## II. Parties' Arguments

### A.   *Defendant's Arguments in Support of the Partial Motion to Dismiss*

Defendant argues that Plaintiff's LUTPA claim should be dismissed.[41] Defendant asserts that Plaintiff's LUTPA claim fails for two reasons.[42] First, Defendant argues that it was not

---

[34] Rec. Doc. 33.

[35] Rec. Doc. 34.

[36] Rec. Doc. 43.

[37] Rec. Doc. 43.

[38] Rec. Doc. 3.

[39] Rec. Doc. 27.

[40] Rec. Doc. 45.

[41] Rec. Doc. 3 at 1.

[42] Rec. Doc. 3-1 at 4.

engaged in trade or commerce when it terminated Plaintiff's employment.[43] Although Plaintiff has alleged discrimination and breach of contract, Defendant asserts that these allegations are not sufficient to rise to the level of fraud, misrepresentation, deception, or other unethical conduct that is prohibited by LUTPA.[44]

Second, Defendant contends that Plaintiff has not alleged facts sufficient to support a LUTPA claim.[45] Defendant asserts that Plaintiff makes only conclusory allegations that are insufficient to state a claim.[46] Defendant argues that Plaintiff cannot pursue a LUTPA claim as an alternative remedy to breach of contract or race discrimination.[47] Because Plaintiff's LUTPA claim is nothing more than a rephrasing of his other claims, for which there is already a legal remedy, Defendant asserts that the Court should dismiss the LUTPA claim.[48]

Alternatively, if the Court allows the LUTPA claim to proceed, Defendant argues that the request for treble damages should be dismissed. Defendant asserts that LUTPA only allows parties to recover treble damages for wrongful acts that occur after being put on notice by the Attorney General.[49] Defendant contends that there is no allegation that Defendant was provided such notice here.[50]

### B.    *Plaintiff's Arguments in Opposition to the Motion*

---

[43] *Id.*

[44] *Id.* at 6.

[45] *Id.*

[46] *Id.*

[47] *Id.* at 7.

[48] *Id.* at 8.

[49] *Id.*

[50] *Id.*

In opposition, Plaintiff asserts that he has adequately stated a claim under LUTPA.[51] Plaintiff contends that the Louisiana Supreme Court has held that recovery under LUTPA is available to anyone who has suffered due to an unfair or deceptive method, act, or practice, not just consumers or business competitors.[52] Additionally, Plaintiff asserts that the substantive prohibition of LUTPA is broad, as it was intended by the legislature to account for a variety of possible unfair and deceptive practices.[53] Plaintiff argues that he has stated a claim under LUTPA as he has pled that his losses resulted from Defendant's actions while unfairly discriminating against him, ignoring handbook procedures, and misrepresenting the reasons for his employment, all of which he argues fall under the use of unfair methods or deceptive acts or practices in the conduct of any trade or commerce.[54] Plaintiff asserts that Defendant's argument regarding treble damages is premature because "[s]uch damages may not be assessed until the Court makes an appropriate finding and enters a judgment in Defendant's favor, and the proof of notice to the Louisiana Attorney General that is required to recover treble damages is not a prerequisite for stating a claim under the statute."[55]

### C.  *Defendant's Arguments in Further Support of the Motion*

---

[51] Rec. Doc. 27 at 2.

[52] *Id.* (citing *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 2009-1633 (La. 4/23/10); 35 So. 3d 1053, 1057–58).

[53] *Id.* at 2–3 (citing *Roustabouts, Inc. v. Hamer*, 447 So. 2d 543, 548 (La. Ct. App. 1 Cir. 1984)).

[54] *Id.* at 3.

[55] *Id.* at 4 (quoting *Melito v. Hopkins*, No. 20-240, 2020 WL 2197916, at *4 (E.D. La. May 6, 2020)).

In reply, Defendant asserts that Plaintiff ignored each of the arguments raised in the motion.[56] Defendant contends that Plaintiff has not sufficiently alleged that it was engaged in "trade or commerce" when terminating his employment.[57] Defendant notes that Plaintiff relies on a 1984 case decided by the Louisiana First Circuit Court of Appeal to support the assertion that LUTPA covers a wide range of conduct.[58] However, Defendant points out that the Louisiana Supreme Court later stated that "the range of prohibited practices under LUTPA is extremely narrow."[59] Defendant reiterates that it was not engaged in trade or commerce when Plaintiff's employment was terminated.[60]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[61] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[62] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[63] "Factual allegations must be enough to raise a right to relief above the speculative level."[64] A claim is facially plausible when the plaintiff has pleaded facts that allow

---

[56] Rec. Doc. 45 at 1.

[57] *Id.*

[58] *Id.* at 2 (citing *Hamer*, 447 So. 2d at 548).

[59] *Id.* (quoting *Cheramie*, 35 So. 3d at 1060).

[60] *Id.*

[61] Fed. R. Civ. P. 12(b)(6).

[62] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[63] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[64] *Twombly*, 550 U.S. at 555.

the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[65]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[66] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[67] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[68] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[69] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[70] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[71] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[72] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[73]

---

[65] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[66] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[67] *Iqbal*, 556 U.S. at 678–79.

[68] *Id.* at 679.

[69] *Id.* at 678.

[70] *Id.*

[71] *Id.*

[72] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[73] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470,

## IV. Analysis

Defendant seeks dismissal of Plaintiff's LUTPA claim, arguing that the claim fails for two reasons.[74] First, Defendant argues that it was not engaged in trade or commerce when it terminated Plaintiff's employment.[75] Second, Defendant contends that Plaintiff has not alleged facts sufficient to support a LUTPA claim.[76] Defendant asserts that Plaintiff makes only conclusory allegations that are insufficient to state a claim.[77] In opposition, Plaintiff asserts that he has stated a claim under LUTPA as he has pled that his losses resulted from Defendant's actions, while unfairly discriminating against him, ignoring handbook procedures, and misrepresenting the reasons for his employment, all of which he argues fall under the use of unfair methods or deceptive acts or practices in the conduct of any trade or commerce.[78]

The Louisiana Unfair Trade Practices Act ("LUTPA") declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[79] Louisiana Revised Statute § 51:1409 provides, in pertinent part, that "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the

---

2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[74] Rec. Doc. 3-1 at 4.

[75] *Id.*

[76] *Id.* at 6.

[77] *Id.*

[78] Rec. Doc. 27 at 3.

[79] La. Rev. Stat. § 51:1405(A).

use or employment by another person of an unfair or deceptive method, act, or practice . . . may bring an action individually . . . to recover actual damages."[80]  The Louisiana Supreme Court has stated that the goals of LUTPA include "halting unfair business practices and sanctioning the businesses which commit them, preserving and promoting effective and fair competition, and curbing business practices that lead to a monopoly and unfair restraint of trade within a certain industry."[81]

Courts determine what constitutes "unfair" and "deceptive" conduct on a case-by-case basis.[82] Louisiana courts have stated that a practice is unfair "when the practice is unethical, oppressive, unscrupulous, or substantially injurious."[83] Likewise, Louisiana courts have described a trade practice as deceptive when it amounts to "fraud, deceit or misrepresentation."[84] Ultimately, however, "the range of prohibited practices under LUTPA is extremely narrow."[85]

LUTPA also requires that unfair methods of competition and unfair or deceptive acts occur in the course of "trade" or "commerce."[86] Trade or commerce is defined as "the advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal,

---

[80] La. Rev. Stat. § 51:1409(A).

[81] *Quality Env't Processes, Inc. v. I.P. Petroleum Co.*, 2013-1582 (La. 5/7/14); 144 So. 3d 1011, 1025.

[82] *Id.*

[83] *See Pinero v. Jackson Hewitt Tax Serv. Inc*., 594 F. Supp. 2d 710, 720–21 (E.D. La. 2009) (Vance, J.) (quoting *Jefferson v. Chevron U.S.A. Inc.,* 713 So. 2d 785, 792 (La. App. 4 Cir. 1998)).

[84] *Id.* at 721 (quoting *Jefferson,* 713 So. 2d at 793) (emphasis added); *see also Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.,* 220 F.3d 396, 404 (5th Cir. 2000) ("To recover under LUTPA, a plaintiff must prove fraud, misrepresentation, or other unethical conduct.").

[85] *Quality Envtl. Processes, Inc.*, 144 So. 3d at 1025.

[86] *Tchefuncte Harbour Townhome Ass'n, Inc. v. Costanza*, 2015-0524 (La. App. 1 Cir. 11/6/15), 2015 WL 6842117 at *3; La. Rev. Stat. § 51:1405(A).

11

immovable or movable, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state."[87]

> With regard to his LUTPA claim, Plaintiff alleges:
>
> During his employment with [Defendant, Plaintiff] opposed unlawful trade practices . . . specifically by targeting and terminating African American employees, misrepresenting why the termination occurred, deceptively ignoring employee handbook procedures for terminating an employee, misrepresenting to [Plaintiff] that the position was being closed for Covid-19 budget reasons when the position was filled by a non-minority shortly thereafter.
>
> In response to, and as a direct result of raising concerns about [Plaintiff's] performance and how he could do better, [Plaintiff] was retaliated against by [Defendant], which adversely affected the conditions of [Plaintiff's] employment.
>
> [Defendant's] fraudulent, deceitful, and unethical actions are in violation of LUTPA.[88]

In *Stevens v. St. Tammany Parish Government*, the plaintiffs brought a LUTPA claim against the St. Tammany Parish Government, alleging that the Parish authorized a public works project that increased the drainage burden on the plaintiffs' properties.[89] The Parish argued that the plaintiffs failed to state a cause of action under LUTPA because they failed to identify: (1) what "trade or commerce" the Parish was engaged in; (2) that the plaintiffs were "consumers" of the Parish's alleged commercial activities; or (3) that the Parish's alleged commercial activities were fraudulent, misrepresentative, deceptive, or otherwise unethical.[90] The Louisiana First Circuit Court of Appeal affirmed the district court's order dismissing the LUTPA claim because

---

[87] La. Rev. Stat. § 51:1402(10).

[88] Rec. Doc. 1-1 at 6.

[89] *Stevens v. St. Tammany Par. Gov't*, 2019-1555 (La. App. 1 Cir. 4/8/21); 322 So. 3d 1268, 1274, *writ denied*, 2021-00800 (La. 11/3/21), 326 So. 3d 898.

[90] *Id.* at 1279.

the plaintiffs failed to allege that the Parish was engaged in trade or commerce.[91] Although the plaintiffs attempted to assert that the Parish was acting in a "corporate capacity," the appellate court held that "these allegations do not state that [the Parish] was distributing services or property to plaintiffs so as to come within the definition of 'trade or commerce.'"[92]

Similarly, here, Plaintiff does not allege that Defendant was engaged in trade or commerce when it terminated Plaintiff's employment. As discussed above, trade or commerce is defined as "the advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal, immovable or movable, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state."[93] Plaintiff alleges that Defendant terminated his employment based on his race, ignored handbook procedures, and misrepresented the reasons for the termination. None of these allegations show how Defendant was advertising, offering for sale, selling, or distributing any services or any property. Accordingly, accepting Plaintiff's allegations as true as the Court must on a Rule 12(b)(6) motion, Plaintiff has not stated a LUTPA claim against Defendant. Thus, the Court will grant Defendant's motion for partial dismissal as to Plaintiff's LUTPA claims. Plaintiff's additional claims for breach of contract, race discrimination, and failure to pay vacation time remain pending.

---

[91] *Id.*

[92] *Id.*

[93] La. Rev. Stat. § 51:1402(10).

## V. Conclusion

For the reasons discussed above, Defendant was not engaged in trade or commerce when Plaintiff's employment was terminated. Therefore, accepting Plaintiff's allegations as true, he has not stated a claim against Defendant under LUTPA. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Rule 12(b)(6) Motion for Partial Dismissal"[94] is **GRANTED**. Plaintiff's LUTPA claims are hereby **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this _20th_ day of July, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[94] Rec. Doc. 3.