# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK HAIRSTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2088** |
| **SUN BELT CONFERENCE, INC.** | **SECTION: "G"** |

## ORDER

The Court is in receipt of the parties' "Proposed Pre-Trial Order."[1] The Court finds that it fails to comply with its Pre-Trial Notice,[2] in the following particulars:

1. Section IX(8).[3] The parties' listing is overly long and complicated. The parties should include only issues of fact that the factfinder must resolve to determine the outcome of this case.

2. Section IX(9).[4] The parties do not provide a "single" listing of the contested issues of law.

3. Section IX(10).[5] Several of the categories of exhibits listed are vague and overly broad. The parties include "any and all documents" in their list of exhibits. The parties must specifically identify the precise exhibits they intend to introduce at trial and a description of those exhibits. For example, Plaintiff lists: (1) "[a]ny exhibits attached to any and all

---

[1] Rec. Doc. 92.

[2] Rec. Doc. 17-1.

[3] *Id.* at 3-4 ("[The proposed pre-trial order shall set forth] . . . [a] **brief** joint summary of the material facts") (emphasis altered).

[4] *Id.* at 4 ("[The proposed pre-trial order shall set forth] . . . [a] single listing of the contested issues of law, as well as memoranda by each party briefing each contested issue, including citations of relevant authorities.").

[5] *Id.* at 4–5.

1

depositions taken in this matter;" (2) "[a]ny and all documents produced in discovery by the Sun Belt as of todays date, Bates Stamp Numbers 01-D-072086" At this late date, the parties must list each exhibit they plan to introduce with specificity. Such broad categories of exhibits are not allowed.

4. Section IX(11).[6] The parties must list with specificity the deposition testimony that each party intends to offer into evidence at trial. Further, The Defendant asserts that they "reserve the right to use the deposition testimony of any witness unavailable to testify live at trial." There are limited circumstances in which deposition testimony is allowed. At this late stage, the parties should know whether their witnesses must testify live or not. Furthermore, the parties are to submit lists of deposition testimony that they intend to use at trial, not deposition testimony that they "may" use.

5. Section IX(13).[7] The parties' list several categories of may call witnesses. The parties should not include witnesses they may call at this stage; only witnesses they will call, unless they can provide an explanation. The parties' lists of witnesses must identify witnesses by "name[], address [], and statement of expected testimony." The parties do not fully comply with this requirement for each witness. Additionally, the parties should not include witnesses that "[m]ay testify"[8] at this state; only witnesses they will call, unless they can provide an explanation. The parties should not use this section as a forum for arguing objections. Lastly, Plaintiff does not provide a statement that their "witness lists

---

[6] *Id.* at 6.

[7] Rec. Doc. 17-1 at 6 ("[The proposed pre-trial order shall set forth] . . . [a] 'will call' list of witnesses for all parties, including the names, addresses, and statement of expected testimony (it is not sufficient to designate the witness simply 'fact,' 'medical,' or 'expert.'").

[8] *See* Rec. Doc. 92 at 19–20.

were filed in accordance with the Federal Rules of Civil Procedure and prior court orders."

6. Section IX(20).[9] The proposed pre-trial order does not contain appropriate signature spaces for counsel and all parties.

**IT IS HEREBY ORDERED** that the parties revise the Pre-Trial Order consistent with the directives above and the instructions contained in the Court's Pre-Trial Notice and submit the revised Pre-Trial Order to the Court by 5:00 PM on November 15, 2022.

**NEW ORLEANS, LOUISIANA**, this  14th   day of November, 2022.

                                            **NANNETTE JOLIVETTE BROWN**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**

---

[9] *Id.* at 8.