UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK HAIRSTON | CIVIL ACTION |
| VERSUS | CASE NO. 21-2088 |
| SUN BELT CONFERENCE, INC. | SECTION: "G" (3) |

### ORDER

Before the Court is Plaintiff Patrick Hairston's ("Plaintiff") "Motion for Extension of Discovery Deadlines."[1] Plaintiff asserts that a continuance of the October 27, 2022 discovery deadline is necessary.[2] Plaintiff raises four arguments in support of his motion.

First, Plaintiff contends that discovery is still ongoing at the time the instant motion was filed.[3] Second, Plaintiff notes that this Court has already granted a continuance of the discovery deadline in this matter in its September 28, 2022 Order.[4] Third, Plaintiff argues that his "discovery requests sent to Defendant[] on September 21, 2022 and October 10, 2022 are still outstanding."[5] Fourth, Plaintiff avers that he has issued various Subpoenas Duces Tecum to several third parties, one of which has "requested a four week extension."[6] Accordingly, Plaintiff requests that this

---

[1] Rec. Doc. 84.

[2] Rec. Doc. 84-1 at 1.

[3] *Id.* at 2.

[4] *Id.* ("Second, this Honorable Court's order granting Plaintiff's Motion for Extension of Time to extend Discovery Deadlines.").

[5] *Id.*

[6] *Id.*

1

Court reopen discovery and extend the discovery deadline to December 27, 2022.[7]

Defendant raises the same arguments as stated in its Opposition to Plaintiff's Motion to Continue Trial.[8] Defendant further argues that Plaintiff failed to timely move for an extension of the discovery deadline in his failure to seek expedited consideration for the Motion.[9] Additionally, Defendant asserts that "the Court should deny this Motion for Extension of Discovery" for "the same reasons the Court should deny the Motion to Continue Trial."[10]

Federal district courts have the inherent power to enforce their scheduling orders,[11] and Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[12] Whether to grant or deny a continuance is within the sound discretion of the trial court.[13] In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[14]

Here, the Court finds that Plaintiff has not established good cause for a reopening of discovery and continuance of the discovery deadline. The Court previously continued the

---

[7] *Id.*

[8] Rec. Doc. 96 at 2–7. Defendant argues in its Opposition to Plaintiff's Motion to Continue Trial that: (1) Plaintiff's lack of diligence in conducting discovery does not raise good cause for a continuance; and (2) a continuance would impose substantial prejudice against Defendant. *See id.*

[9] Rec. Doc. 97 at 2.

[10] *Id.* at 3.

[11] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

[12] Fed. R. Civ. P. 16(b)(4).

[13] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir.1996).

[14] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

discovery deadline on one occasion to allow the parties additional time to complete discovery.[15] Plaintiff has failed to articulate why his dilatory practices in discovery merit good cause for a continuance. Furthermore, Plaintiff cites no authority that supports a finding of good cause in this instance.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Extension of Discovery Deadlines"[16] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 14th day of November, 2022.

*[signature: Nannette Jolivette Brown]*

    **NANNETTE JOLIVETTE BROWN**
    **CHIEF JUDGE**
    **UNITED STATES DISTRICT COURT**

---

[15] Rec. Doc. 58.

[16] Rec. Doc. 84.